IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TODDRICK DAVIS, | § | |
| BOP Register No. 33945-177, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:22-cv-740-N-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Toddrick Davis, convicted of drug possession in the Western District of Texas but incarcerated in this district, sought credit against his sentence through a *pro se* filing made in the Western District construed as an application for writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. Nos. 1, 2; *see also* Dkt. No. 8.

After Davis's construed habeas petition was transferred to this district, *see* Dkt. No. 3, United States District Judge David C. Godbey referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The government filed a response to the petition, arguing that Davis failed to exhaust and is otherwise not entitled to the relief that he seeks. *See* Dkt. Nos. 11-15. Davis failed to reply, and it is past the deadline to do so. *See* Dkt. No. 9.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the construed habeas petition as unexhausted or, in the alternative, deny relief.

The response sets out the undisputed facts as to Davis's sentencing credit claims:

> Petitioner is currently serving a 60-month term of imprisonment for Possession with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B). [Dkt. No. 12 (App.)] pp. 25-26. Petitioner's current projected release date is February 18, 2025. App. p. 40.
> On March 26, 2020, Petitioner was arrested in Ector County by Texas authorities for controlled substance violations. App. pp. 13-14. On April 1, 2020, Petitioner was transferred to the custody of the United States Marshal Service [ ] pursuant to a federal writ of habeas corpus *ad prosequendum*. App. pp. 18-23.
> On October 26, 2020, Petitioner was sentenced by the United States District Court for the Western District of Texas to a 60-month term of imprisonment. App. pp. 25-26. He was returned to Texas state authorities on November 18, 2020. App. pp. 18-23.
> On August 11, 2021, Petitioner was sentenced by the State of Texas to a 3-year term of imprisonment. App. pp. 33-35. He was credited with 504 days (March 26, 2020, to August 11, 2021) of pre-trial credit towards this sentence. *Id.* Because he had been credited for all of that pre-trial custody time, Petitioner was released from the Texas Department of Criminal Justice three months later, on November 16, 2021. App. p. 19.
> Petitioner entered primary federal jurisdiction on that same date, and pursuant to 18 U.S.C. § 3585(a) his federal sentence commenced. App. pp. 4-5, at ¶¶ 15-16.

Dkt. No. 11 at 1-2.

"Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)).

But

> [a] federal prisoner may not seek § 2241 relief in connection with the execution of his sentence unless he first exhausts the administrative remedies made available by the Bureau of Prisons. *United States v.*

> *Dowling*, 962 F.2d 390 393 (5th Cir. 1992); *see Butts v.* Martin, 877 F.3d 571, 582 (5th Cir. 2017); *see also* 28 C.F.R. §§ 542.10-542.19. "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (internal quotation marks and citation omitted). The futility exception applies in extraordinary circumstances only, and it is the prisoner's task to establish that administrative review would be futile. *Id.*

*Williams v. Willis*, 765 F. App'x 83, 83-84 (5th Cir. 2019) (per curiam).

The government first argues that Davis "has never filed any administrative remedy regarding his sentence computation, or any other topic, with the BOP"; had he made such a request, it "would have been stamped upon receipt and entered into the SENTRY computer system by the receiving office"; and, because Davis "failed to even start the grievance process, [he] has not exhausted the available remedies regarding his sentence computation and his petition should be dismissed." Dkt. No. 11 (citing App. p. 3, at ¶¶ 8, 9).

Given the opportunity to rebut these allegations – or assert an exception to the exhaustion requirement – Davis failed to reply. So the Court should dismiss his habeas petition as unexhausted.

In the alternative, Davis is not entitled to credit against his federal sentence.

He first asserts that he is entitled to credit for time he spent at the Rolling Plains Detention Center from April 1, 2020 to November 18, 2020. *See* Dkt. No. 1 at 1. But this time, during which Davis was in federal custody under a writ of habeas corpus *ad prosequendum*, was credited to his state sentence, so it cannot also be credited to his federal sentence. *See* 18 U.S.C. § 3585(b); *Leal v. Tombone*, 341 F.3d

427, 430 (5th Cir. 2003) ("Because the nine months he spent in state custody between November 1998 and August 1999 were 'credited against another sentence,' the BOP was not required to credit that time toward his federal sentence."); *Pierce v. Fleming*, 150 F. App'x 344, 345 (5th Cir. 2005) (per curiam) ("[B]ecause the record indicates that the time that Pierce spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum* was credited against his state sentence, the BOP correctly applied 18 U.S.C. § 3585(b)(2) when it did not include this time as a credit towards Pierce's federal sentence." (citing *Vignera v. Attorney Gen. of the United States*, 455 F.2d 637, 637-38 (5th Cir. 1972))).[1]

Davis also seeks credit under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993).

*Willis* "recognized an exception to the pre-sentence credit rule" set out in Section 3582(b) that occurs "when an inmate is serving concurrent federal and state terms with a state full-term date that is equal to or less than the federal full-term date," which exception entitles an inmate to "receive *Willis* credit toward his federal

---

[1] *See also Ramirez v. Upton*, No. 1:07cv961, 2010 WL 519731, at *3 (E.D. Tex. Feb. 9, 2010) ("The sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign by, for example bail, release, dismissal of state charges, parole release, or expiration of state sentences. Where a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner to establish that the state confinement was exclusively the product of such action by federal law enforcement officials so as to justify treating the state jail time as the practical equivalent of a federal one. Even then, if he receives credit for the time he served against the state charges, none is to be granted against the federal sentence." (citations omitted)).

sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins." *Edison v. Berkebile*, 349 F. App'x 953, 956 (5th Cir. 2009) (per curiam) (citation and footnote omitted; emphasis added); *see also Kayfez*, 993 F.2d at 1289-90; BOP Program Statement 5880.28.

But Davis is not entitled to a *Willis* credit, as his state and federal sentences are consecutive. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). *Cf. Potoski v. Fox*, 583 F. App'x 396, 397 (5th Cir. 2014) (per curiam) ("The federal district court had the discretion to order Potoski's federal sentence to run consecutively to his then-anticipated state sentence, and the BOP correctly presumed from the district court's not specifying a concurrent sentence that it intended to impose a consecutive sentence. The state court's designation that Potoski's state sentence was to run concurrently with the federal sentence did not have any bearing on the district court's judgment and is irrelevant to the BOP's computation. Similarly, because the federal judgment did not specify concurrent sentences, *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), is inapplicable." (citations omitted)).

**Recommendation**

The Court should dismiss Petitioner Toddrick Davis's construed application for writ of habeas corpus under 28 U.S.C. § 2241 for failure to exhaust or, in the alternative, deny Davis's requested relief.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE